# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50996
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lashonda O'Neill,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-68-2

———————————————————

Before Willett, Duncan, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Lashonda O'Neill was convicted of conspiracy to possess with intent to distribute cocaine; possession of cocaine with intent to distribute and aiding and abetting; and money laundering. O'Neill challenges her sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50996

O'Neill contends that the district court clearly erred by imposing a two-level increase in her offense level for obstruction of justice under U.S.S.G. § 3C1.1 because O'Neill attempted to conceal the assets of her co-conspirator, Darwin Powell, from the Government.   O'Neill had approached an automobile dealer and had asked that Powell's vehicles be placed under the dealer's business name.  Our review of this question is for clear error.  *See United States v. Powers*, 168 F.3d 741, 752 (5th Cir. 1999).

Although O'Neill couches this issue in terms of sufficiency of evidence, her true argument goes to materiality.  *See* § 3C1.1, comment. (n.6). We have recognized that "it is not unusual for a drug trafficker to place property in the names of others in order to avoid seizure." *United States v. Milton*, 147 F.3d 414, 422 (5th Cir. 1998).  O'Neill's effort to conceal Powell's assets was material to her role in the conspiracy, and would tend to influence or affect an issue under determination, such as her relevant conduct and the assets of Powell subject to forfeiture and available for payment of a fine or restitution.  *See* § 3C1.1, comment. (n.6; ); *see also United States v. Miller*, 607 F.3d 144, 151 (5th Cir. 2010).  The district court's finding that O'Neill obstructed justice was not clearly erroneous.  *See Powers*, 168 F.3d at 752.  We thus need not reach the arguments regarding other evidence supporting the enhancement.

O'Neill also challenges the enhancement of her offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed.  Our review of this question is for clear error.  *See United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014).  Imposition of the dangerous-weapon enhancement is appropriate where it is shown that it was reasonably foreseeable to the defendant that another person involved in the commission of the offense was in possession of such a weapon.  *See United States v. Marquez*, 685 F.3d 501, 507 (5th Cir. 2012).

No. 22-50996

The record reflects that Powell and O'Neill were in a common-law relationship, that Powell openly carried a firearm when he made deliveries of large quantities of cocaine, that O'Neill accompanied him on many occasions to purchase and deliver large quantities of cocaine, that Powell stored guns in a car at O'Neill's parents' house, and that O'Neill was otherwise extensively involved in Powell's operations. Given these facts, the district court did not clearly err in finding that Powell's possession of a dangerous weapon was reasonably foreseeable to O'Neill. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-66 (5th Cir. 2008).

The judgment is AFFIRMED.